**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA – NORFOLK DIVISION**

**RONALD CHEATHAM,**

        **Plaintiff,**

**v.**                                   **CIVIL ACTION NO.: 2:22-cv-71**

**SYNCHRONY BANK,**                       **JURY TRIAL IS DEMANDED**

**Serve: CEO Brian Doubles**
       **170 Election Road, Suite 125**
       **Draper, UT 84020**

**EQUIFAX INFORMATION SERVICES, L.L.C.,**

**Serve:  Corporation Service Company, Registered Agent**
       **100 Shockoe Slip Fl 2,**
       **Richmond, Virginia 23219-4100**

**TRANS UNION, LLC,**

**Serve:  Corporation Service Company, Registered Agent**
       **100 Shockoe Slip Fl 2,**
       **Richmond, Virginia 23219-4100**

**EXPERIAN INFORMATION SOLUTIONS, INC.**

**Serve:  David N. Anthony, Registered Agent**
       **Troutman Sanders, LLP**
       **1001 Haxall Point**
       **Richmond, Virginia 23219**

        **Defendants.**

## **COMPLAINT**

COMES NOW Plaintiff Ronald Cheatham ("Plaintiff"), by counsel, and for his Complaint against Synchrony Bank ("Synchrony"), Equifax Information Services, L.L.C. ("Equifax"), Trans Union, LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian")(collectively referred to herein as "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq ("Fair Credit Reporting Act" or "FCRA").

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1)-(2) and Virginia Code §8.01-328.1.

## PARTIES

4.      Plaintiff is a natural person and resident of Virginia. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

5.      Synchrony is the wholly owned subsidiary of Synchrony Financial, a consumer financial services company headquartered in Stamford, Connecticut. Synchrony is headquartered in Draper, Utah. As described on its website https://www.synchrony.com/financial-fact-sheet.html, credit is extended by Synchrony to consumers such as for its CareCredit product (for healthcare financing). Upon information and belief, Synchrony does business in Virginia and throughout the United States.

6.      Synchrony is a furnisher of credit information as that term is used by the FCRA.

7.      Equifax is a company authorized to do business in Virginia.

8.      Equifax is a "consumer reporting agency" as defined in 15 U.S.C §1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning individual consumers for the purpose of furnishing consumer reports (as defined in 15 U.S.C. § 1681a(d)) to third parties. Equifax disburses and/or sells those reports for use by entities that request information about the creditworthiness of individual consumers.

9.      TransUnion is a company authorized to do business in Virginia.

10.     TransUnion is a "consumer reporting agency" as defined in 15 U.S.C § 1681(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning individual consumers for the purpose of furnishing consumer reports (as defined in 15 U.S.C. § 1681a(d)) to third parties. TransUnion disburses and/or sells those reports for use by entities that request information about the creditworthiness of individual consumers.

11.     Experian is a company authorized to do business in Virginia.

12.     Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning individual consumers for the purpose of furnishing consumer reports (as defined in 15 U.S.C. § 1681a(d)) to third parties. Experian disburses and/or sells those reports for use by entities that request information about the creditworthiness of individual consumers.

## FACTS

13.     Plaintiff is an active-duty member of the United States Air Force and his position requires he maintain a security clearance.

14.     Plaintiff regularly monitors his credit and has historically maintained his credit file in good standing.

15.     In December 2019, during a routine security check required for Plaintiff to maintain his security clearance, Plaintiff was alerted by his employer of a collection/write-off reported on his credit file from Care Credit/Synchrony Bank.

16.     As Plaintiff must maintain his security clearance for his employment in the Air Force, the negative impact of collections accounts/write offs on his credit file impacts his employment.

17.     What was ultimately confirmed to be false and derogatory information being reported by Synchrony to the consumer reporting agencies is impacting Plaintiff's ability to renew his security clearance.

18.     Plaintiff has been unable to be recertified for his top-secret security clearance due to this information being reported by Synchrony to the consumer reporting agencies, which has compromised his opportunities for advancement in his military career.

19.     As a result of the derogatory information being reported by Synchrony to the consumer reporting agencies, Plaintiff was unable to compete for the next promotional level within the Air Force as such a position requires a top-secret security clearance.

20.     Due to his inability to be recertified for a top-secret security clearance, Plaintiff was forced to take a position within the Air Force that does not require this level of a security clearance and the expectation is that he retire upon completion, effectively eliminating his potential for upward mobility within the military.

21.     Due to Plaintiff's inability to obtain a top-secret security clearance due to Synchrony's derogatory reporting, Plaintiff would also be unable to obtain a comparable civilian position if he chose to leave the Air Force.

22.     Upon receiving this information from his security manager regarding the written off collection account, Plaintiff reviewed the information on his credit file and determined that a collection account/write-off with Synchrony was being incorrectly reported to TransUnion. TransUnion was incorrectly reporting same on Plaintiff's credit file.

23.     Within the TransUnion credit report, TransUnion reported that Plaintiff had opened and was responsible for a Synchrony charge account with a past due amount owed that had been written off (the "Synchrony Bank Representation"). The Synchrony Bank Representation is false.  Plaintiff

did not have an individual charge account with Synchrony and the account he and his wife jointly

held was reported as paid in full by Synchrony.

24.     In an effort to verify the information, Plaintiff requested additional documentation from

Synchrony regarding the written off account appearing on his credit file; however, no requested

documentation was provided.

25.     On or about January 17, 2020, Plaintiff mailed a letter to TransUnion disputing several

items on his consumer report/disclosure, providing all relevant information regarding the dispute.

26.     In TransUnion's response to Plaintiff's dispute, it indicated it updated information on

Plaintiff's consumer disclosure/report; however, TransUnion is still reporting the Synchrony

Bank/Care Credit account as having an unpaid balance that was charged off.

27.     Upon an additional review of his credit file, Plaintiff discovered that the collection account/

write-off with Synchrony was also being incorrectly reported to Experian and Equifax. Experian

and Equifax were incorrectly reporting same on Plaintiff's credit file.

28.     On or about April 20, 2021, Plaintiff mailed a letter via certified mail return receipt

requested to Equifax disputing the charged off account with Synchrony/Care Credit appearing on

his consumer disclosure/report. In his correspondence:

> a.  Plaintiff stated that he and his wife opened a joint account with
>     Synchrony/CareCredit on or about February 27, 2017, to pay for treatment costs
>     associated with his wife's cancer treatments at Natural Horizon Wellness Center
>     (the "Center"). The CareCredit card was used to pay the treatment costs reflected
>     on three invoices from 2017. The Center applied the cost of Plaintiff's wife's
>     treatments to the CareCredit account up to Plaintiff and his wife's approved limit
>     of ten thousand dollars. No additional charges were incurred on the account.

b.  In December 2019, Plaintiff contacted Synchrony/CareCredit and was informed that the account was paid in full. Despite Plaintiff paying the account in full, Synchrony/CareCredit reported a past due amount and that it is a charged off account.

c.  Account numbers ending in #7689 and #4629 have been referenced as belonging to Plaintiff; however, Plaintiff and his wife only utilized one CareCredit account (account ending in #7459).

d.  Plaintiff requested that the dispute letter and all supporting documentation be forwarded to the creditors involved for them to reinvestigate and remove the account from Plaintiff's credit file.

29.     Equifax has not responded to the dispute and no information regarding the processing of the dispute is included on Plaintiff's consumer disclosure/report obtained from Equifax. Equifax failed to provide Plaintiff with results of any investigation into Plaintiff's dispute.

30.     Following the dispute, Plaintiff requested a copy of his consumer report/disclosure from Equifax. The consumer disclosure/report received from Equifax does not mention the dispute filed by Plaintiff and continues to incorrectly report the Synchrony written off account.

31.     On or about April 20, 2021, Plaintiff mailed a letter via certified mail with return receipt requested to Experian disputing the charged off account with Synchrony/Care Credit appearing on his consumer disclosure/report. In his correspondence:

a.  Plaintiff stated that he and his wife opened a joint account with Synchrony/CareCredit on or about February 27, 2017, to pay for treatment costs associated with his wife's cancer treatments at Natural Horizon Wellness Center (the "Center"). The CareCredit card was used to pay the treatment costs reflected

on three invoices from 2017. The Center applied the cost of Plaintiff's wife's treatments to the CareCredit account up to Plaintiff and his wife's approved limit of ten thousand dollars. No additional charges were incurred on the account.

b. In December 2019, Plaintiff contacted Synchrony/CareCredit and was informed that the account was paid in full. Despite Plaintiff paying the account in full, Synchrony/CareCredit reported a past due amount and that it is a charged off account.

c. Account numbers ending in #7689 and #4629 have been referenced as belonging to Plaintiff; however, Plaintiff and his wife only utilized one CareCredit account (account ending in #7459).

d. Plaintiff requested that the dispute letter and all supporting documentation be forwarded to the creditors involved for them to reinvestigate and remove the account from Plaintiff's credit file.

32.     Experian has not responded to the dispute.

33.     Following the dispute, Plaintiff requested a copy of his consumer report/disclosure from Experian. The consumer disclosure/report received from Experian reflects that changes were made to the Synchrony/CareCredit entry following Experian's processing of the dispute; however, the account is still reflected as individual account having a past due balance that has been charged off.

34.     Upon information and belief, upon Plaintiff's request for verification and deletion, and in accordance with standard procedures, Equifax, Experian, and TransUnion did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make an attempt to substantially or reasonably verify the Synchrony representation.

35.     On or about April 20, 2021, Plaintiff mailed a letter to Synchrony notifying it that he instituted a dispute with Equifax and Experian regarding incorrect information appearing on his consumer disclosure/report that was being provided by Synchrony/CareCredit.

      a.  In his correspondence, Plaintiff notified Synchrony/CareCredit that in accordance with the letter sent from Synchrony, the pertinent account had been paid in full.

      b.  Plaintiff also requested supporting documentation from Synchrony regarding the charges to his account. Plaintiff has repeatedly made requests for supporting documentation regarding the account being reported by Synchrony as charged off to no avail.

36.     Plaintiff has not received any response from Synchrony regarding the disputed information.

## COUNT ONE – SYNCHRONY
### FCRA, 15 U.S.C. §1681s-2(b)

37.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

38.     After being informed by Plaintiff that he disputed the accuracy of the information it was providing to the consumer reporting agencies, Synchrony continued to report such information to the consumer reporting agencies without notice that such information was being disputed by Plaintiff as required by 15 U.S.C. § 1681s-2(a)(3).

39.     After being informed by TransUnion, Equifax, and/or Experian that Plaintiff disputed the accuracy of the information it was providing, Synchrony failed to conduct a proper investigation of Plaintiff's dispute pertaining to the written off account reported to TransUnion, Equifax, and Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

40.     Synchrony failed to review all relevant information purportedly provided by TransUnion, Equifax, and/or Experian in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(1)(B).

41.    Synchrony failed to direct TransUnion, Equifax, and Experian to delete inaccurate information about Plaintiff pertaining to the written off account, as required by 15 U.S.C. § 1681s-2(b)(1)(C).

42.    Plaintiff has a private right of action to assert claims against Synchrony arising under 15 U.S.C. § 1681s-2(b).

43.    As a result of Synchrony's violations of the Act, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

44.    Synchrony's violations of the Act were willful, rendering it liable for punitive damages in an amount to be determine by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Synchrony was negligent in its violations of the Act, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

45.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO – EQUIFAX
## FCRA, 15 U.S.C. § 1681i(a)(1)

46.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

47.    Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

48.    As a result of violations of 15 U.S.C. § 1681i(a)(1) by Equifax, Plaintiff suffered actual damages, including but not limited to: damage to his employment opportunities, loss of credit, loss

of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

49.     Equifax's violations of 15 U.S.C. § 1681i(a)(1) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.   In the alternative, Equifax was negligent in its violations of 15 U.S.C. § 1681i(a)(1), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT THREE- EQUIFAX
### FCRA, 15 U.S.C. § 1681i(a)(4)

51.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

52.     Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

53.     As a result of violations of 15 U.S.C. § 1681i(a)(4) committed by Equifax, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

54.     Equifax's violations of 15 U.S.C. § 1681i(a)(4) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.   In the alternative, Equifax was negligent in its violations of 15 U.S.C. § 1681i(a)(4), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

55.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT FOUR - EQUIFAX
### FCRA, 15 U.S.C. §1681i(a)(5)(A)

56.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

57.     Equifax violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate and/or unverifiable information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

58.     As a result of violations of 15 U.S.C. § 1681i(a)(5)(A) by Equifax, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

59.     Equifax's violations of 15 U.S.C. § 1681i(a)(5)(A) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent in its violations of 15 U.S.C. § 1681i(a)(5)(A), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

60.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT FIVE – EQUIFAX
## FCRA, 15 U.S.C. § 1681i(a)(6)

61.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

62.     Equifax violated 15 U.S.C. § 1681i(a)(6)(A) by failing to provide written notice to Plaintiff of the results of the reinvestigation.

63.     Equifax violated 15 U.S.C. § 1681i(a)(6)(B) by failing to provide in writing to Plaintiff:

   a.   a statement that any reinvestigation was completed;

   b.   a consumer report that is based on the consumer's revised file as a result of the reinvestigation;

   c.   a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy of completeness of the information; and

   d.   a notice that the consumer has the right to request that the consumer reporting agency furnish notifications under subsection (d) of 15 U.S.C. § 1681i.

64.     As a result of violations of 15 U.S.C. § 1681i(a)(6) by Equifax, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress in an amount to be determined by a jury at trial.

65.     Equifax's violations of 15 U.S.C. § 1681i(a)(6) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent in its violations of 15 U.S.C. § 1681i(a)(6), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

66.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT SIX – EQUIFAX
## FCRA, 15 U.S.C. § 1681e(b)

67.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

68.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and credit files it published and maintained concerning Plaintiff.

69.     As a result of violations of 15 U.S.C. § 1681e(b) by Equifax Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

70.     Equifax's violations of 15 U.S.C. § 1681e(b) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent in its violations of 15 U.S.C. § 1681e(b), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

71.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT SEVEN – EXPERIAN
## FCRA, 15 U.S.C. § 1681i(a)(1)

72.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

73.     Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

74.     As a result of violations of 15 U.S.C. § 1681i(a)(1) by Experian, Plaintiff suffered actual damages, including but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

75.     Experian's violations of 15 U.S.C. § 1681i(a)(1) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent in its violations of 15 U.S.C. § 1681i(a)(1), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

76.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT EIGHT – EXPERIAN
## FCRA, 15 U.S.C. § 1681i(a)(4)

77.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

78.     Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

79.     As a result of violations of 15 U.S.C. § 1681i(a)(4) committed by Experian, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities,

loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

80.    Experian's violations of 15 U.S.C. § 1681i(a)(4) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent in its violations of 15 U.S.C. § 1681i(a)(4), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

81.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT NINE - EXPERIAN
## FCRA, 15 U.S.C. § 1681i(a)(5)(A)

82.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

83.    Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate and/or unverifiable information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

84.    As a result of violations of 15 U.S.C. § 1681i(a)(5)(A) by Experian, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

85.    Experian's violations of 15 U.S.C. § 1681i(a)(5)(A) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent in its violations of 15 U.S.C. § 1681i(a)(5)(A), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

86.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TEN –EXPERIAN
### FCRA, 15 U.S.C. § 1681i(a)(6)

87.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

88.     Experian violated 15 U.S.C. § 1681i(a)(6)(A) by failing to provide written notice to Plaintiff of the results of the reinvestigation.

89.     Experian violated 15 U.S.C. § 1681i(a)(6)(B) by failing to provide in writing to Plaintiff:

        a.   a statement that any reinvestigation was completed;

        b.   a consumer report that is based on the consumer's revised file as a result of the reinvestigation;

        c.   a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy of completeness of the information; and

        d.   a notice that the consumer has the right to request that the consumer reporting agency furnish notifications under subsection (d) of 15 U.S.C. § 1681i.

90.     As a result of violations of 15 U.S.C. § 1681i(a)(6) by Experian, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress in an amount to be determined by a jury at trial.

91.     Experian's violations of 15 U.S.C. § 1681i(a)(6) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In

the alternative, Experian was negligent in its violations of 15 U.S.C. § 1681i(a)(6), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

92.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT ELEVEN –EXPERIAN
## FCRA, 15 U.S.C. § 1681e(b)

93.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

94.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and credit files it published and maintained concerning Plaintiff.

95.    As a result of violations of 15 U.S.C. § 1681e(b) by Experian, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, damage to his employment opportunities, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

96.    Experian's violations of 15 U.S.C. § 1681e(b) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent in its violations of 15 U.S.C. § 1681e(b), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

97.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWELVE – TRANSUNION
## FCRA, 15 U.S.C. § 1681i(a)(1)

98.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

99.     TransUnion violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

100.    As a result of violations of 15 U.S.C. § 1681i(a)(1) by TransUnion Plaintiff suffered actual damages, including but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

101.    TransUnion's violations of 15 U.S.C. § 1681i(a)(1) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TransUnion was negligent in its violations of 15 U.S.C. § 1681i(a)(1), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

102.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT THIRTEEN – TRANSUNION
## FCRA, 15 U.S.C. § 1681i(a)(4)

103.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

104.    TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

105.    As a result of violations of 15 U.S.C. § 1681i(a)(4) committed by TransUnion, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities,

loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

106.    TransUnion's violations of 15 U.S.C. § 1681i(a)(4) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TransUnion was negligent in its violations of 15 U.S.C. § 1681i(a)(4), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

107.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT FOURTEEN - TRANSUNION
### FCRA, 15 U.S.C. § 1681i(a)(5)(A)

108.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

109.    TransUnion violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate and/or unverifiable information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

110.    As a result of violations of 15 U.S.C. §1681i(a)(5)(A) by TransUnion, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

111.    TransUnion's violations of 15 U.S.C. § 1681i(a)(5)(A) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TransUnion was negligent in its violations of 15 U.S.C. § 1681i(a)(5)(A), entitling Plaintiff to recover under 15 U.S.C. § 1681o.

112.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT FIFTEEN –TRANSUNION
### FCRA, 15 U.S.C. § 1681e(b)

113.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

114.    TransUnion violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and credit files it published and maintained concerning Plaintiff.

115.    As a result of violations of 15 U.S.C. §1681e(b) by TransUnion, Plaintiff suffered actual damages, including, but not limited to: damage to his employment opportunities, loss of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

116.    TransUnion's violations of 15 U.S.C. § 1681e(b) were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, TransUnion was negligent in its violations of 15 U.S.C. § 1681e(b) entitling Plaintiff to recover under 15 U.S.C. § 1681o.

117.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

I. **COUNT ONE – SYNCHRONY**

    a. Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b. Punitive damages;

    c. Attorney's fees;

    d. Costs;

    e. Pre-judgment and post-judgment interest at the legal rate; and

    f. Such other relief the Court does deem just, equitable and proper.

II. **COUNT TWO - EQUIFAX**

    a. Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b. Punitive damages;

    c. Attorney's fees;

    d. Costs;

    e. Pre-judgment and post-judgment interest at the legal rate; and

    f. Such other relief the Court does deem just, equitable and proper.

III. **COUNT THREE - EQUIFAX**

    a. Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b. Punitive damages;

    c. Attorney's fees;

    d. Costs;

    e.  Pre-judgment and post-judgment interest at the legal rate; and

    f.  Such other relief the Court does deem just, equitable and proper.

IV.    **COUNT FOUR – EQUIFAX**

    a.  Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b.  Punitive damages;

    c.  Attorney's fees;

    d.  Costs;

    e.  Pre-judgment and post-judgment interest at the legal rate; and

    f.  Such other relief the Court does deem just, equitable and proper.

V.    **COUNT FIVE – EQUIFAX**

    a.  Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b.  Punitive damages;

    c.  Attorney's fees;

    d.  Costs;

    e.  Pre-judgment and post-judgment interest at the legal rate; and

    f.  Such other relief the Court does deem just, equitable and proper.

VI.    **COUNT SIX - EQUIFAX**

    a.  Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b.  Punitive damages;

    c.  Attorney's fees;

    d.  Costs;

    e.  Pre-judgment and post-judgment interest at the legal rate; and

    f.  Such other relief the Court does deem just, equitable and proper.

## VII.   COUNT SEVEN - EXPERIAN

    a.  Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b.  Punitive damages;

    c.  Attorney's fees;

    d.  Costs;

    e.  Pre-judgment and post-judgment interest at the legal rate; and

    f.  Such other relief the Court does deem just, equitable and proper.

## VIII.   COUNT EIGHT - EXPERIAN

    a.  Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b.  Punitive damages;

    c.  Attorney's fees;

    d.  Costs;

    e.  Pre-judgment and post-judgment interest at the legal rate; and

    f.  Such other relief the Court does deem just, equitable and proper.

## IX.   COUNT NINE - EXPERIAN

    a.  Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b.  Punitive damages;

    c. Attorney's fees;

    d. Costs;

    e. Pre-judgment and post-judgment interest at the legal rate; and

    f. Such other relief the Court does deem just, equitable and proper.

## X.    COUNT TEN - EXPERIAN

    a. Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b. Punitive damages;

    c. Attorney's fees;

    d. Costs;

    e. Pre-judgment and post-judgment interest at the legal rate; and

    f. Such other relief the Court does deem just, equitable and proper.

## XI.    COUNT ELEVEN - EXPERIAN

    a. Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

    b. Punitive damages;

    c. Attorney's fees;

    d. Costs;

    e. Pre-judgment and post-judgment interest at the legal rate; and

    f. Such other relief the Court does deem just, equitable and proper.

## XII.    COUNT TWELVE - TRANSUNION

    a. Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

  b. Punitive damages;

  c. Attorney's fees;

  d. Costs;

  e. Pre-judgment and post-judgment interest at the legal rate; and

  f. Such other relief the Court does deem just, equitable and proper.

XIII. **COUNT THIRTEEN - TRANSUNION**

  a. Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

  b. Punitive damages;

  c. Attorney's fees;

  d. Costs;

  e. Pre-judgment and post-judgment interest at the legal rate; and

  f. Such other relief the Court does deem just, equitable and proper.

XIV. **COUNT FOURTEEN - TRANSUNION**

  a. Actual damages, or, alternatively or as a combination with actual damages, statutory damages as allowed by law;

  b. Punitive damages;

  c. Attorney's fees;

  d. Costs;

  e. Pre-judgment and post-judgment interest at the legal rate; and

  f. Such other relief the Court does deem just, equitable and proper.

XV.   **COUNT FIFTEEN – TRANSUNION**

    a.   Actual damages, or, alternatively or as a combination with actual damages,

        statutory damages as allowed by law;

    b.   Punitive damages;

    c.   Attorney's fees;

    d.   Costs;

    e.   Pre-judgment and post-judgment interest at the legal rate; and

    f.   Such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

                    RONALD CHEATHAM

                    By:   _____/s/_____
                                  Of Counsel

Kellam T. Parks, Esq. (VSB# 45735)
**PARKS ZEIGLER, PLLC**
4768 Euclid Road, Suite 103
Virginia Beach, VA 23462
(757) 453-7744
(757) 453-7578 (fax)
kparks@pzlaw.com
*Counsel for Plaintiff*